UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SLM NON EMERGENCY MEDICAL TRANSPORTATION, LLC, ET AL.<br><br>V.<br><br>LOGISTICARE, INC. | CIVIL ACTION NO.<br><br>16-17295<br><br>SECTION "N" (4) |

**ORDER & REASONS**

Presently before the Court is the "Motion for a Temporary Restraining Order" (Rec. Doc. 10), filed by plaintiffs Crawford Transit Services, Inc. ("Crawford"), SLM Non Emergency Medical Transportation, LLC, and Greenlight Transportation, Inc.[1] The defendant, LogistiCare, Inc. ("LogistiCare"), opposes the motion (*see* Rec. Doc. 15). On March 14, 2017, the Court held a hearing on this matter, which has rendered moot the request for a temporary restraining order and effectively converted the relief sought to a preliminary injunction. Now, having carefully considered the submissions of the parties, including post-hearing supplemental memoranda (Rec. Docs. 18 and 19), as well as the case record and applicable law, the Court denies the Motion, finding the issuance of injunctive relief would be improper under the circumstances.

**I.      BACKGROUND**

Plaintiffs are independently-operated transportation providers with whom LogistiCare, a broker of Medicaid transportation in Louisiana, contracts to drive patients to and from their

---

[1] Although these three plaintiffs filed the motion, only Crawford proceeded with its prosecution.

medical appointments. On December 9, 2016, plaintiffs commenced a class action, yet to be certified, against LogistiCare to redress allegedly deceptive business practices, including underpayment for work performed by plaintiffs. Upon joint request, the Court initially stayed the litigation as the parties attempted to reach a compromise. However, those efforts broke down, at least purportedly as a result of Crawford soliciting additional plaintiffs by an email containing rider information, the disclosure of which LogistiCare contends was a breach of the Health Insurance Portability and Accountability Act ("HIPAA") and the Transportation Provider Agreement ("TPA") between it and Crawford. Consequently, LogistiCare suspended assignment of trips to Crawford, on an indefinite if not permanent basis. This development, which Crawford essentially argues is retaliation masqueraded as legitimate action, prompted the instant request for injunctive relief. Ultimately, Crawford asks the Court to order LogistiCare to resume assigning it trips, as it had prior to the initiation of this litigation. (*See* Rec. Doc. 10-1 at p. 8-9).

## II.   LAW AND ANALYSIS

It is within the discretion of the district court to grant or deny a preliminary injunction – "an extraordinary and drastic remedy" for which "the primary justification . . . is to preserve the court's ability to render a meaningful decision on the merits." *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572-573 (5th Cir. 1974). This discretion is not unfettered, however, as there are four prerequisites to the issuance of injunctive relief: "(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Id.* at 572 (citations omitted); *see also Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998) (applying the same test). The burden of persuading the court that these

prerequisites are satisfied rests with the plaintiff and must be clearly carried, given the nature of the relief sought. *See Canal Authority*, 489 F.2d at 573.

On the showing made in this matter, Crawford has not established, to a substantial certainty or otherwise, that it will prevail on the merits of the lawsuit. In addition, even if the stated reason for Crawford's suspension or termination – a HIPAA breach – is pretext for retaliation, the TPA governing the relationship between the parties does not guarantee Crawford a minimum number of rides, and, importantly, it allows for termination without cause. In short, it appears to the Court that LogistiCare was within its right to terminate Crawford on account of this lawsuit, if it so desired. Crawford has not persuaded the undersigned otherwise.

Equally fatal to the request for a preliminary injunction is that Crawford has not shown that irreparable injury will be suffered if an injunction is not issued. In fact, any injury that Crawford might suffer is compensable in a monetary sense and easily ascertainable, as well. Furthermore, in the event Crawford obtains the ultimate relief sought in the form of damages, an injunction in the interim would not prevent LogistiCare from terminating Crawford the moment this litigation concludes. If that were to occur, Crawford would presumably be as near then as it is now to shuttering its business, considering that its relationship with LogistiCare represents the vast majority of the transportation provider's revenue. Consequently, not only is the injury compensable, the relief sought is unlikely to prevent the injury feared, all the while tangling this Court in the ongoing operations of two businesses.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the "Motion for a Temporary Restraining Order" (Rec. Doc. 10), and incorporated request for a preliminary injunction, is **DENIED**.

New Orleans, Louisiana, this 21st day of March 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**